# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

JASON JARELL SHINGLETON, )
)
    Plaintiff, )
)
v. ) Case No. CV614-113
)
CAROLYN COLVIN, )
*Commissioner of Social Security*, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Jason Jarell Shingleton filed a form complaint in quest of a Court order to "the Social Security Administration to issue a favorable decision to me." Doc. 1 at 5. Granting him leave to proceed *in forma pauperis,* the Court reviewed it and gave him a chance to cure some legal deficiencies. Doc. 3. In so doing, the Court explained that he faces possible dismissal on jurisdictional grounds.

More specifically, the Court noted that 42 U.S.C. § 405(g) -- the sole jurisdictional basis for judicial review in Social Security matters -- required him to exhaust the SSA's administrative review process and sue for judicial review within 60 days of "a *final* decision of the Commissioner of Social Security made after a hearing to which [plaintiff]

was a party. . . ." 42 U.S.C. § 405(g) (emphasis added).[1] Shingleton had alleged only that the

> Social Security department denied me 3 times[.] I believe my benefits should have been approved. I was homeless and on medication and had to [illegible writing] a job. And I get special treatment and bad judgement for being a specialized student and being a mental patient at America works.

Doc. 1 at 3.

Construing plaintiff's complaint liberally,[2] he thus alleged that he has sought SSA benefits and obtained an adverse decision, but he failed

---

[1] Compliance with the 60-day deadline is a critical pleading requirement:

> Because the appeal provision set forth in 42 U.S.C. § 405(g) constitutes a waiver of sovereign immunity, courts must strictly construe the applicable time limit. *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S. Ct. 2022, 90 L.Ed.2d 462 (1986). *See also Fletcher v. Apfel*, 210 F.3d 510, 513 (5th Cir. 2000) (affirming summary judgment in favor of the Commissioner for untimely filing of one day). Accordingly, a complaint appealing the Commissioner's denial of an application for social security benefits must allege the dates of the plaintiff's application(s) and the related denial(s). *Cook v. Astrue*, 2012 WL 812380 at * 3 (E.D. Cal. March 9, 2012); *Sanchez v. Astrue*, 2011 WL 1549307 at * 2–3 (E.D.Cal. 2011). The plaintiff must also allege that he or she appealed to the Appeals Council, setting forth the application date, the decision date, and the outcome. *Id*; *see also Pierre v. Comm. of Soc. Sec.*, 2012 WL 1066811 at * 3 (S.D. Fla. 2012) (requiring a plaintiff to allege facts supporting the conclusion that Commissioner rendered a final decision in the application below).

*Cribbet v. Comm'r of Soc Sec.*, 2012 WL 5308044 at * 2 (E.D. Cal. Oct. 29, 2012), quoted in *Hicks v. Astrue*, 2013 WL 309860 at * 1 (S.D. Ga. Jan. 25, 2013).

[2] The Court reminded that it will construe Shingleton's *pro se* filings liberally, *Smith v. United States*, 420 F. App'x 944, 945 (11th Cir. 2011), but he must still comply with

2

to identify the particulars (e.g., what *kind* of benefits claim), much less whether and when a final, adverse ruling was issued. He could correct these deficiencies by affirmatively pleading (1) that he has secured a "final decision" (i.e., he administratively exhausted his claim within the Social Security Administration) from the Commissioner of Social Security and (2) that he commenced this action within 60 days after the Commissioner mailed to him the SSA's notice of that decision.

While Shingleton has responded with an Amended Complaint, doc. ¶ 4, he has failed to comply with the Court's directive. In fact, he has attached an SSA letter to a Congressman showing that an ALJ ruled against him on August 30, 2013.[3] *Id.* at 6. Plaintiff does not say (nor does this letter indicate) when the Commissioner mailed to *plaintiff* the SSA's notice of her final decision. He thus has failed to address the timeliness showing. Accordingly, his case should be **DISMISSED WITH PREJUDICE**.

---

procedural pleading requirements. *Moton v. Cowart*, 631 F.3d 1337, 1341 n. 2 (11th Cir. 2011).

[3] He did not file this action until October 20, 2014. Doc. 1.

**SO REPORTED AND RECOMMENDED,** this  19th  day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA